IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST PIPE COMPANY, an
Oregon corporation,

       Plaintiff,                                    CV 04-1670-JE

       v.                                           ORDER

STATE PIPE AND SUPPLY, INC., a
California corporation, and NEIL
BOUCHER, an individual,

       Defendants.
_____

HAGGERTY, Chief Judge:

      Magistrate Judge Jelderks issued a Findings and Recommendation in this action (Doc. #31), in which the Magistrate Judge recommended denying defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Forum Pursuant to Rules 12(b)(2) and (3), or in the Alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. #7). Defendants timely filed objections to the Findings and Recommendation.

      When a party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the

1 – ORDER

magistrate judge's report. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has given a *de novo* review of Judge Jelderks' Findings and Recommendation, including a careful analysis of the objections and the entire record. The Magistrate Judge's reasoning and recommendations are sound, correct, and entitled to adoption.

**PROCEDURAL BACKGROUND**

Plaintiff Northwest Pipe Company (referred to as Northwest Pipe or plaintiff) is an Oregon corporation with its headquarters in Portland, Oregon. Plaintiff is in the business of bidding, designing, manufacturing, and installing large-scale pipe projects. Ed Martin (Martin) is plaintiff's Manager of Contract Administration, and his responsibilities include software acquisition, development, and training. Plaintiff brought this action against defendants Neil Boucher (Boucher) and State Pipe and Supply, Inc. (referred to as State Pipe or collectively with Boucher as defendants) for copyright infringement, violation of Oregon's Uniform Trade Secrets Act, conversion, accounting, and breach of fiduciary duty.

Plaintiff has developed computer software that calculates the amount of pipe necessary for a job and prepares drawings of how the pipe should be laid (the software). The software is comprised of Northwest Pipe trade secrets and is protected by copyright. The software informs the user that it is the property of Northwest Pipe and is protected by copyright. Plaintiff maintains and updates the software on a computer server in Oregon.

Plaintiff alleges that Boucher, who worked for plaintiff for over twelve years, misappropriated the software while he was an employee with plaintiff and used it to benefit his current employer, defendant State Pipe. Boucher was based in California while he worked for State Pipe, but he frequently communicated with plaintiff via letters, emails, telephone calls, correspondence related to his 401(k), and corporate memoranda. Boucher

2 – ORDER

received approximately $718,383 in compensation during the course of his employment with plaintiff. Boucher used the software for his work with Northwest Pipe, and he traveled to Oregon at least six times for training on the software.

Plaintiff alleges that Boucher began working for State Pipe in July 2001, despite continuing his employment with plaintiff until December 2002. Plaintiff also alleges that, during the course of Boucher's employment with State Pipe, he and other State Pipe employees copied and used the software to bid, design, and produce layouts for the benefit of State Pipe without plaintiff's permission.

## **DISCUSSION**

In their motion, defendants seek either to: (1) dismiss this action for lack of personal jurisdiction; (2) dismiss this action for improper venue; or (3) transfer this action to the Central District of California pursuant to 28 U.S.C. 1404(a). In his Findings and Recommendation, Judge Jelderks found that Oregon may exercise specific personal jurisdiction over both defendants, that venue in the District of Oregon is proper, and that there was no showing sufficient to warrant transferring this case. Accordingly, Judge Jelderks recommended denying defendants' motion.

Defendants raise five specific objections to the Findings and Recommendation. They argue that the Magistrate Judge erred in: (1) finding that Boucher worked simultaneously for plaintiff and State Pipe; (2) finding that part of Boucher's duties while working for State Pipe included misappropriation of the software; (3) misapplying the effects test for specific jurisdiction and failing to apply the holding from *Core-Vent Corporation v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993), in the brunt of the harm analysis; (4) misapplying the "arising out of" element for specific jurisdiction; and (5) failing to rule on defendants' evidentiary objections. Because it bears on their other

3 – ORDER

objections, the court addresses defendants' fifth objection first.

Defendants' fifth objection concerning defendants' evidentiary objections

In their fifth objection, defendants urge this court to grant evidentiary objections regarding two statements in Martin's declaration and to eliminate any reliance on them from this Order. The first statement defendants object to is that "Northwest Pipe, an Oregon corporation that is headquartered in and banks in Oregon, was harmed by the actions of Mr. Boucher and State Pipe in Oregon." Decl. of Ed Martin, ¶ 8. Defendants argue that this statement is ambiguous, lacks foundation, and is conclusory in violation of Federal Rules of Evidence 602 and 701. The second statement is that Boucher "began to work surreptitiously for State Pipe," Decl. of Ed Martin, ¶ 4, which defendants argue constitutes hearsay, lacks foundation, is conclusory, and that the probative value is substantially outweighed by the danger of unfair prejudice.

Where, as here, defendants move to dismiss a complaint for lack of personal jurisdiction and the court does not conduct an evidentiary hearing, the court must take as true the plaintiff's version of the facts. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004) (citing *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (internal quotations and citations omitted). Furthermore, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* This means that the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant" in order to make a *prima facie* showing of jurisdiction and avoid the defendant's motion to dismiss. *Harris*, 328 F.3d at 1129 (citations omitted).

4 – ORDER

In light of these standards, the court's only inquiry here is whether plaintiff's pleadings and affidavits make a *prima facie* showing of jurisdictional facts. Therefore, the conflict between the parties over the two statements in Martin's declaration must be resolved in plaintiff's favor. *See Dole,* 303 F.3d at 1108. Accordingly, defendants' evidentiary objections are overruled and Martin's statements are taken as true for purposes of this Order.

<u>Defendants' first and second objections concerning Boucher and State Pipe</u>

The Findings and Recommendation includes the following language in a section entitled "Claims": "During his employment with plaintiff, defendant Boucher also worked for defendant State Pipe. This work included misappropriating and copying the software at issue, without plaintiff's authorization or knowledge, for the purpose of bidding, designing and producing pipe layouts for defendant State Pipe." Findings and Recommendation dated March 21, 2005, at 6.

Defendants argue that the Magistrate Judge erred in making these statements because they constitute findings not supported by admissible evidence. Specifically, defendants argue that the Magistrate Judge erred in finding that (1) Boucher worked simultaneously for plaintiff and State Pipe and (2) part of Boucher's duties while working for State Pipe included misappropriation of the software.

Defendants objections are not well taken. First, the disputed language appears under the heading "Claims," indicating that the Magistrate Judge was summarizing plaintiff's allegations rather than making "findings." Second, these allegations are properly before the court, as explained above regarding defendants' fifth objection. Finally, the Magistrate Judge's conclusion that there is specific personal jurisdiction over both defendants is not dependent on the allegation that Boucher worked simultaneously for both companies or that his "duties" included misappropriating the software. Defendants themselves admit to using

5 – ORDER

the software at issue here. Mem. in Supp. of Defs.' Mot. to Dismiss at 5; Decl. of Dana Bergman ¶ 4. And Boucher admits that he took copies of the software home. *See* Decl. of Neil Boucher ¶ 3. As Judge Jelderks properly found, plaintiff has met its burden of establishing personal jurisdiction over defendants. Defendants first and second objections are overruled.

Defendants' third objection concerning the effects test

In the Findings and Recommendation, Judge Jelderks found that plaintiff is an Oregon corporation, that defendants had reason to know that plaintiff's principal place of business was in Oregon, that defendants committed an intentional act expressly aimed at plaintiff in Oregon, and that plaintiff suffered the brunt of the harm in Oregon. Defendants contend that the Magistrate Judge erred by assuming that the brunt of the harm was felt in plaintiff's principal place of business without engaging in "a careful and difficult case specific analysis" under *Core-Vent.* Defs.' Objections to the Findings and Recommendation at 5. The court disagrees.

As the Ninth Circuit has indicated, the principal place of business can be significant in determining the location of a corporation's place of economic injury. *Dole*, 303 F.3d at 1113 ("in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business") (citations omitted); *Panavision Int'l LP v. Toeppen*, 141 F.3d 1316, 1322 n.2 (9th Cir. 1998) ("the brunt of the harm suffered by [plaintiff] was in the state where it maintained its principal place of business, California"); *Core-Vent*, 11 F.3d at 1487 ("[Plaintiff]'s principal place of business was in the forum state and thus any economic effects were arguably ultimately felt there). As Judge Jelderks found, the facts indicating that plaintiff suffered the brunt of the harm in Oregon are similar to the facts in *Panavision* and *Dole*.

6 – ORDER

Furthermore, "when a forum in which a plaintiff corporation has its principal place of business is in the same forum toward which defendants expressly aim their acts, the 'effects' test permits that forum to exercise personal jurisdiction." *Dole*, 303 F.3d at 1114. Here, defendants do not dispute the Magistrate Judge's findings that defendants expressly aimed their acts at Oregon and that plaintiff's principal place of business is in Oregon. Therefore, Judge Jelderks properly found that the brunt of the harm was suffered in Oregon.

The effects test is also clearly met for defendant Boucher, who knew he was harming his employer (and later his former employer) in Oregon when he used the software for unauthorized purposes. Defendants' third objection is overruled.

Defendants' fourth objection concerning the "arising out of" test

Defendants' fourth objection is that the Magistrate Judge erred in applying the "arising out of" element for specific jurisdiction. The Magistrate Judge found that plaintiff's claims satisfy the "arising out of" test because the claims would not exist "but for" the defendants' forum-related activities. Defendants argue that the proper test is "whether the plaintiff would have been injured even in the absence of Defendants' contacts with the forum." Defs.' Objections to the Findings and Recommendation at 10. Defendants assert that plaintiff's claim would have arisen even in the absence of defendants' contacts with Oregon and that, therefore, personal jurisdiction is improper. The court disagrees.

In *Panavision*, the Ninth Circuit applied the effects test and then resolved the "arising out of" element as follows: "[Defendant's] registration of Panavision's trademarks as his own domain names on the Internet had the effect of injuring Panavision in California. But for [the defendant's] conduct, this injury would not have occurred. Panavision's claims arise out of Toeppen's California-related activities." 141 F.3d at 1322. The facts here are analogous to those in *Panavision*: defendants' alleged misappropriation of the software had

7 – ORDER

the effect of injuring plaintiff in Oregon. But for defendants' conduct, this injury would not have occurred. Therefore, plaintiff's claims arise out of defendants' Oregon-related activities, and defendants' objection is overruled.

**CONCLUSION**

For the foregoing reasons, the court adopts the Magistrate Judge's Findings and Recommendation (Doc. #31). Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Forum Pursuant to Rules 12(b)(2) and (3), or in the Alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. #7) is DENIED.

IT IS SO ORDERED.

Dated this  2   day of June, 2005.

                                                  /s/Ancer L.Haggerty
                                                            Ancer L. Haggerty
                                                    United States District Judge